DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **MOHAMMAD HAMED, by his authorized agent, WALEED HAMED,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**FATHI YUSUF and UNITED CORPORATION,** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No. 2012-099 |

**Attorneys:**
**Carl J. Hartmann, III, Esq.,**
**Joel H. Holt, Esq.,**
St. Croix, U.S.V.I.
   *For the Plaintiff*

**Joseph A. DiRuzzo, III, Esq.,**
Miami, FL
**Nizar A. Dewood, Esq.**
St. Croix, U.S.V.I.
   *For the Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

   THIS MATTER is before the Court on Plaintiff's Motion for Remand (Dkt. No. 13) and supporting memorandum (Dkt. No 14), Defendants' opposition to the motion (Dkt. No. 19), and Plaintiff's reply. (Dkt. No. 22). For the reasons discussed below, the Court will grant Plaintiff's motion and remand the matter to the Superior Court of the Virgin Islands.

## I. BACKGROUND

By complaint dated September 17, 2012 (Dkt. No. 1-3), Plaintiff Mohammad Hamed ("Plaintiff") initiated a civil action against Defendants Fathi Yusuf and United Corporation (collectively, "Defendants") in the Superior Court of the Virgin Islands alleging violations of a partnership agreement between Plaintiff and Defendant Yusuf regarding the operation of three Plaza Extra grocery stores located on St. Croix and St. Thomas, United States Virgin Islands.[1] The complaint raises two claims under Virgin Islands partnership law, codified at 26 V.I.C. §§ 1, *et seq*. Specifically, Count I alleges that Defendants violated Plaintiff's partnership rights and the terms of the partnership agreement, thereby entitling Plaintiff to legal and equitable relief under 26 V.I.C. § 75. (Dkt. No. 1-3 at ¶¶ 25-26). In Count II, Plaintiff requests that—pursuant to 26 V.I.C. § 121(5)—the Superior Court: (1) determine that it is not practicable for Plaintiff to continue in the partnership with Defendant Yusuf; (2) disassociate Defendant Yusuf's partnership interests from the Plaza Extra businesses; and (3) permit Plaintiff to continue conducting business after Defendant Yusuf's disassociation. (Dkt. No. 1-3 at ¶¶ 30-31).

Invoking 28 U.S.C. §§ 1441(a) and 1442(a)(1), Defendants timely removed the action to this Court on October 4, 2012. (Dkt. No. 1). Plaintiff responded by filing the instant motion to remand (Dkt. Nos. 13, 14) on October 11, 2012, asserting that this Court lacks jurisdiction over this local dispute between residents of the Virgin Islands seeking relief under Virgin Islands partnership law. The motion has been fully briefed, with Defendants' Opposition filed on

---

[1] As this Court recently explained, when ruling on a motion to remand premised on alleged jurisdictional defects, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed, and must assume as true all factual allegations of the complaint. *Rivera v. Hovensa, LLC*, Nos. 11-cv-0052, 11-cv-0053, 2012 U.S. Dist. LEXIS 83977, *1-2 n.2 (D.V.I. June 18, 2012).

October 25, 2012 (Dkt. No. 19), and Plaintiff's Reply on October 30, 2012. (Dkt. No. 22). The matter is now ripe for consideration.

## II. LEGAL STANDARD

"Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court." *Rivera v. Hovensa, LLC*, Nos. 11-cv-0052, 11-cv-0053, 2012 U.S. Dist. LEXIS 83977, *8 (D.V.I. June 18, 2012) (quoting *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006)); *Danielson v. Innovative Commc'ns, Corp.*, 49 V.I. 1071, 1075 (D.V.I. 2008) ("An action may be removed to federal district court if the district court would have original jurisdiction over the matter."). Further, under 28 U.S.C. § 1442(a)(1), a federal officer, or person acting under such an officer, may remove to federal court any action brought against him in state court for conduct performed under federal direction. *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998)); *Piskanin v. United States*, 461 F. App'x 88, 89 (3d Cir. 2012). "A removed case will be remanded, however, 'if at any time before final judgment, it appears that the district court lacked subject matter jurisdiction.'" *Danielson*, 49 V.I. at 1076 (quoting 28 U.S.C. § 1447(c)); *Rivera*, 2012 U.S. Dist. LEXIS 83977 at *8.

"The removal statutes 'are to be strictly construed, with all doubts to be resolved in favor of remand.'" *Rivera*, 2012 U.S. Dist. LEXIS 83977 at *9 (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). "When considering a motion to remand, the removing party has the burden of establishing the propriety of the removal." *Danielson*, 49 V.I. at 1077 (citations omitted); *Rivera*, 2012 U.S. Dist. LEXIS 83977 at *8 ("A party urging jurisdiction on a federal court bears the burden of proving that jurisdiction exists.") (citing *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011)).

### III.  DISCUSSION

Plaintiff claims that the Court lacks jurisdiction over this "purely local" dispute arising under Virgin Islands partnership law. (Dkt No. 14 at 1-2). Defendants contend that this Court has jurisdiction: (1) under 28 U.S.C. § 1331, because the complaint "raises substantial and significant federal issues"; (2) pursuant to 48 U.S.C. § 1612(a), as the complaint "necessarily implicates the income tax laws applicable to the Virgin Islands"; (3) under 28 U.S.C. § 1442(a)(1), as the case involves parties acting under an officer of the United States; and (4) over all claims pursuant to 28 U.S.C. § 1367(a). (Dkt. No. 1 at 7-10).

As discussed below, Defendants' arguments are unpersuasive. The matter will be remanded to the Superior Court because this Court lacks subject matter jurisdiction.[2]

#### A.  Federal Question Jurisdiction

As the United States Supreme Court explained:

> Title 28 U.S.C. § 1331 vests in federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "aris[es] under" federal law within the meaning of § 1331, this Court has said, if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

*Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). The mere fact that a federal issue may be implicated does not give rise to federal question jurisdiction—the issue

---

[2] Both parties spend considerable time in their filings arguing the merits of the underlying claims—*i.e.* attempting to establish or refute the existence of the alleged partnership. (*See*, *e.g.*, Dkt. No. 19 at 1-11; Dkt. No. 22 at 2-3). The Court will not address these arguments because "[i]t is well established that a federal court must satisfy itself of its jurisdiction over the subject matter before it considers the merits of the case." *Rivera*, 2012 U.S. Dist. LEXIS 83977 at *7 (citations and internal quotation marks omitted).

must be a substantial one. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). The ultimate question is: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Here, Defendants argue that while the complaint concerns local partnership law, it nevertheless "raises substantial and significant federal issues," which provide jurisdiction under 28 U.S.C. § 1331 and *Grable*. (Dkt. No. 1 at ¶¶ 26-28). In particular, Defendants claim that this suit implicates Defendants' obligations under the terms of a plea agreement entered into in a criminal case before this Court for filing false tax returns. (*United States v. United Corp.*, *et al.*, 1:05-cr-015, Dkt. No. 1248) (requiring that, *inter alia*, Defendant United Corporation file complete and accurate tax returns for the 2002-2008 tax years). Plaintiff, in turn, argues that jurisdiction is not proper under § 1331 because there is no federal question presented on the face of the complaint, and no provision of federal law is at issue in this case. (Dkt. No. 22 at 7-8).

In *Grable*, the Internal Revenue Service seized and sold real property to satisfy a tax delinquency. The original landowner subsequently brought a quiet title action in state court seeking to reclaim the property on the ground that the IRS had failed to follow the notice provisions of federal tax law before effectuating the seizure. 545 U.S. at 310-11. The case was removed, and the Supreme Court ultimately upheld the finding of federal jurisdiction over the state-law claim because a federal issue was substantial and disputed. Indeed, the interpretation of the federal tax notification statute was the "only legal or factual issue contested in the case." *Id.* at 315.

Despite Defendants' arguments to the contrary, *Grable* does not support a finding of federal question jurisdiction in this case. While *Grable* was focused solely on the interpretation of a provision of federal tax law, this case turns on questions of Virgin Islands partnership law. Thus, unlike *Grable*, the contested issues in this case are grounded in state—not federal—law.

Defendants' second claim, that a plea agreement entered into in a separate federal criminal case will be impacted, also does not "raise a stated federal issue, actually disputed and substantial" in this case. *Id.* at 314. Defendants appear to argue that Plaintiff's position regarding the partnership status of the parties in the current litigation is inconsistent with representations made during the prior criminal proceeding, and would impede Defendants' ability to comply with the plea agreement entered into in resolving the criminal case.

This argument is an attempt to refute Plaintiff's allegations of the existence of a partnership; thus, it is a defense presented to the merits of Plaintiff's claims. It is well-settled, however, that a defense may not confer jurisdiction on this Court. The presence or absence of "arising under" jurisdiction pursuant to § 1331 is governed by "the rule of the 'well-pleaded complaint,' under which 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Gardiner v. St. Croix Dist. Governing Bd. of Dirs.*, 859 F. Supp. 2d 728, 732 (D.V.I. 2012) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391-92 (1987)); *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004) ("Under the 'well-pleaded complaint' rule, the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. To support removal, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.") (internal quotation marks and citations omitted). Defenses to a

6

plaintiff's claim do not appear on the face of a well-pleaded complaint, and, therefore, do not confer arising under jurisdiction. *See Pascack Valley Hosp.*, 388 F.3d at 398; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal. As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.") (internal citations omitted).

Here, the face of Plaintiff's complaint does not present a federal question. Instead, it asserts claims arising under Virgin Islands partnership law, and makes no reference to federal rights or immunities. Defendants' proposed defense also does not provide a sufficient basis for removal. Accordingly, the Court finds that jurisdiction is not proper under 28 U.S.C. § 1331.

### B.  Implication of Virgin Islands Tax Law

Defendants argue that this Court has exclusive jurisdiction over this action pursuant to 48 U.S.C. § 1612(a) because the allegations in the complaint "necessarily implicate the income tax laws of the Virgin Islands." (Dkt. No. 1 at ¶ 30).

Section 1612(a) provides in pertinent part that "[t]he District Court of the Virgin Islands shall have *exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands,* regardless of the degree of the offense or the amount involved . . . ." 48 U.S.C. § 1612(a) (emphasis added). The United States Court of Appeals for the Third Circuit examined this provision in *Birdman v. Office of the Governor*, 677 F.3d 167 (3d Cir. 2012), a case in which two married couples and their business entities sued the Virgin Islands and its Bureau of Internal Revenue seeking a determination of the source of certain income, and also sued the United States seeking tax refunds. *Id.* at 169. The Third Circuit addressed the "exclusive jurisdiction" language of the statute but did not address

what qualifies as a "proceeding[] . . . with respect to the income tax laws applicable to the Virgin Islands" within the meaning of § 1612(a). The parties simply agreed that the statutory provision was satisfied. *Id.* at 175.

Here, the Court finds that this case is not a "proceeding[] . . . with respect to the income tax laws applicable to the Virgin Islands" within the plain meaning of § 1612(a). As discussed above, the complaint at issue raises claims and seeks relief exclusively under Virgin Islands partnership law, not the Internal Revenue Code or other tax law. In fact, the complaint does not even mention, let alone invoke or seek relief under, the IRC or other tax provisions. (*See generally* Dkt. No. 3 at 1-11). This case—unlike *Birdman*—also does not involve claims against the Internal Revenue Service or the Virgin Islands Bureau of Internal Revenue. Instead, this is a dispute between private parties regarding their rights under an alleged partnership agreement. In short, this case is a proceeding with respect to the *partnership laws* of the Virgin Islands, not its *tax laws*. Defendants' general assertions that tax laws will be implicated by the decision in this case, or that a defendant will not be able to comply with a plea agreement in a separate criminal action requiring it to file accurate tax returns, does not fundamentally alter the type of proceeding presently before the Court.

In sum, the Court has fulfilled its obligation to construe the complaint and has determined that the instant partnership dispute is not a proceeding with respect to the income tax laws applicable to the Virgin Islands. *Feidt*, 153 F.3d at 128 ("The district court's authority, indeed obligation, to determine whether a removal petition properly invokes its removal jurisdiction necessarily includes the authority to construe the complaint upon which the court makes its determination."). Therefore, 48 U.S.C. § 1612(a) does not provide this Court with subject matter jurisdiction.

### C. Acting Under an Officer of the United States

Defendants argue that removal is appropriate under 28 U.S.C. § 1442(a)(1) because they are "acting under" the United States as a result of the plea agreement entered into in the separate criminal action. (Dkt. No. 1 at ¶¶ 31-33). More specifically, Defendants contend that Defendant United Corporation and its shareholders have been "subjected to the guidance or control of both the Federal Government and the Virgin Islands Government" pursuant to the criminal plea agreement and resulting conditions of probation, which collectively provide for "a periodic review of financial statements and returns of United [Corporation][,]" the filing of accurate returns for 2002-2008, and payment of any amounts due. (Dkt. No. 19 at 17). Defendants provide no case law supporting this construction of the federal officer removal provision of § 1442(a)(1), and the Supreme Court has previously rejected this line of argument.

In *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007), the Supreme Court addressed when an individual or entity is "acting under" a federal official for the purpose of removal predicated on § 1442(a)(1). In that case, the Court held that a tobacco company, whose cigarette testing procedures were directed, supervised, and monitored in considerable detail by a federal regulatory agency, was not "acting under" an officer of the United States. *Id.* at 145. The Court explained that "precedent and statutory purpose make clear that the private person's 'acting under' must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Id.* at 152. The Court noted that "the help or assistance necessary to bring a private person within the scope of the statute does *not* include simply *complying* with the law." *Id.* (original emphasis). By way of example, the Court explained that taxpayers who fill out "complex federal tax forms" are "compl[ying] with the law (or acquiesce[ing] to an order)[,]" not "acting under" a federal official who is giving an order or enforcing the law. *Id.*

Here, Defendants advance the same argument rejected by the Supreme Court in *Watson*—that by complying with tax law, they are somehow "acting under" a federal official. Accordingly, Defendants have failed to establish that removal is proper under § 1442(a)(1).

Defendants' claim of compliance with a criminal plea agreement or supervision by the United States Probation Office does not alter the equation. *See e.g.*, *Morgan v. Ford Motor Co.*, No. 06-1080 (JAP), 2007 U.S. Dist. LEXIS 52944, *19 (D.N.J. July 23, 2007) (relying on *Watson* in denying defendant's argument that "because its conduct was governed by a series of administrative consent orders and it was doing exactly what the Environmental Protection Agency told it to do, it was thus acting under the direction of a federal officer"). Thus, Defendants' reliance on 28 U.S.C. § 1442(a)(1) is fatally flawed.

### D.  Supplemental Jurisdiction

Citing 28 U.S.C. § 1367(a), Defendants also contend that this Court "has supplemental jurisdiction over *all* the claims set forth in the [c]omplaint" because the claims are so related to the claims in the action over which the Court has original jurisdiction. (Dkt. No. 1 at ¶ 34) (emphasis added). This contention is wholly without merit. The Court cannot exercise supplemental jurisdiction over *all* claims in an action; rather, the Court may exercise supplemental jurisdiction over those claims that are so related to claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

Because the Court does not have original jurisdiction over any claims in this action, Defendants may not avail themselves of § 1367(a).

## IV. CONCLUSION

For the reasons stated above, Defendants have failed to establish that removal to the District Court of this partnership dispute between Virgin Islands residents is proper. Accordingly, the Court will grant Plaintiff's motion (Dkt. No. 13) and remand the matter to the Superior Court of the Virgin Islands. An appropriate Order accompanies this Memorandum Opinion.

Date: November 16, 2012        _____/s/_____
                               WILMA A. LEWIS
                               District Judge